UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Baltimore)

| | |
|---|---|
| PORTER STANSBERRY<br>1217 St. Paul Street<br>Baltimore, MD 21202<br><br>      Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>      Defendant. | Case No.: _____ |

## COMPLAINT

Plaintiff, Porter Stansberry, for his Complaint against Defendant John Doe, alleges as follows:

### Introduction

1. This is a Complaint for defamation seeking injunctive relief and damages.

2. Through this suit, Plaintiff alleges that Defendant is liable for publishing to third parties false and defamatory information that has caused and will continue to cause harm to Plaintiff's professional reputation within the investing community.

### Jurisdiction and Venue

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1391 because Plaintiff is a citizen of the State of Maryland and Defendant, upon information and belief, is a citizen of a foreign state.

4. This Court has personal jurisdiction over the Defendant because the Defendant intentionally directed his tortious conduct toward Maryland, knowing that the conduct would cause harm to Plaintiff, a resident of Maryland. *See* Md. Ann. Code, Cts. & Jud. Proc. § 6-103.

5. Specifically, the Defendant directed electronic activity into Maryland with the manifested intent of engaging in business or other interactions within the State, and that activity created in Plaintiff, a person within the State, a potential cause of action cognizable in the State's courts.

6. This Court's exercise of jurisdiction is authorized under Maryland's long-arm statute pursuant to Federal Rule of Civil Procedure 4(k)(1)(a) and conforms to the Fourteenth Amendment's due process requirements.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**Parties**

8. Plaintiff is a resident of the State of Maryland and operates a Baltimore-based business, Stansberry Research LLC. Stansberry Research is a publisher of subscription electronic newsletters concerning financial information and investment research including investments related to natural resources, power, oil and mining.

9. Defendant writes and publishes a blog publicly accessible on the World Wide Web at http://incakolanews.blogspot.com/ ("IKN").[1] Among other topics, IKN discusses Latin American mining stocks. As set forth in the Facts section below, IKN is the location of the defamatory statements at issue.

---

[1] Blogspot.com is an Internet blogging platform hosted by Google, Inc.

10. Defendant is known to Plaintiff only through the alias "Otto Rock," provided as contact information in the form of an electronic mail address on IKN.

### Facts

11. On or about April 8, 2016, Defendant caused to be published on IKN an article entitled, "Three of the 15 stocks Porter Stansberry is pumping (maybe four…or now more)." The article as published is attached as Exhibit 1.

12. Upon information and belief, Defendant posted the article on IKN, as well as circulated it directly to subscribers of an e-mail digest.

13. The article makes multiple references to a scheme to "pump" certain stocks, stating as follows:

- "Undoubtedly, Porter's picked BRI.v to give Casey and Marin a liquidity event in which to dump their positions before the dog implodes."

- "1) Porter is now in cahoots with Paulson[;] 2) Porter pumps MAX.to, Paulson gets a 58c (and counting) print on his $55m worth of 35c convertibles on MAX[;] 3) They all live happily ever after."

*Id.*

14. In the same posting, Defendant refers to Plaintiff as "our scammu little retail pumper." *Id.*

15. Further, in discussing reader suggestions for other allegedly pumped stocks, Defendant rejects certain of the suggestions because they "aren't thinly traded explorecos being manipulated for the direct benefit of Porter's pals." *Id.*

16. In the investment industry, "pumping" refers to a form of stock fraud that involves artificially inflating the price of a particular stock through false and misleading positive statements. The operator of a "pump and dump" scheme purchases stocks cheaply, artificially

-3-
1324562.1 04/21/2016

"pumps" up the price, then sells or "dumps" the stock at the inflated price. Typically, the stock price then falls, and other investors lose money because they bought the stock at the inflated price.

17. Defendant's statements, within the context of the article as a whole, falsely attribute to Plaintiff illegal activity in the form of a "pump and dump" scheme.

18. On or about April 9, 2016, Defendant caused to be published on IKN, as well as circulated directly to subscribers of an e-mail digest, an article that included a link to the article appearing in Exhibit 1. The April 9 article as published is attached as Exhibit 2. In the article, Defendant describes Plaintiff as knowing "how to run one of these," and describes the alleged scheme as a "pumpo" that "stink[s] to high heaven." *Id.*

19. On or about April 12, 2016, Defendant caused to be published on IKN an article entitled, "Regarding Porter Stansberry's latest pump job." The article as published is attached as Exhibit 3.

20. As set forth in the posting, the article is an excerpt from another publication – IKN361 – available to Defendant's subscribers. *Id.*

21. Upon information and belief, Defendant posted the article on the publicly-accessible IKN blog, as well as circulated it directly to subscribers of both an e-mail digest and the IKN361 publication.

22. The article makes multiple references to a purported scheme to "pump" certain stocks, stating as follows:

- "The seven stocks performed very much in line with what a market watcher would expect from them under these circumstances, targets of a big promo pump by a market tout with a following of people …"

- "… you can't tell me that Stansberry Research didn't know exactly what was about to happen to [certain stocks] as soon as the pumpo started."

-4-

1324562.1 04/21/2016

- "… these guys are sitting on a real bargain it seems, now that the Porter Stansberry pump has pushed the stock to 58c."

- "This is a pump job designed to benefit his friends, new and old alike."

- "I've also noticed that the Stansberry-owned stock tipping company Casey Research (Louis James et al) is pumping very hard on the same kind of theme and there have been out-sized volume moves on no news in some of their typical pump vehicles …"

*Id.*

23. On or about April 12, 2016, Defendant caused to be published on IKN an article entitled, "Interesting reader mailbag part 1: Stansberry calls sell on AAU, MAX, LUG." The article as published is attached as Exhibit 4.

24. Upon information and belief, Defendant posted the article on the publicly-accessible IKN blog, as well as circulated it directly to subscribers of an e-mail digest.

25. The article again accuses Plaintiff of illegal stock price manipulation, stating as follows:

- "If you're one of the sharps who ponied up U$1,500 last Thursday morning and bought into the main pump vehicles of [certain stocks] early and at lower prices, you're now being instructed to take profits at overbought prices and wait for a new lower entry point."

- "This BS pump is now controlling AMM, MAX and LUG to the upside and to the downside."

- "You have been duly warned and if IIROC[2] has any cojones it'd be all over these scumbags like a rash."

*Id.* In this posting, Defendant plainly asserts that that Plaintiff's activity is illegal because it violates regulations.

---

[2]  IIROC is an acronym for the Investment Industry Regulatory Organization of Canada.

1324562.1 04/21/2016

26. On or about April 13, 2016, Defendant caused to be published on IKN an article that describes input from a reader of the blog as "[m]ore feedback from you nice people regarding the pump and dump insider scam that Porter Stansberry is currently playing on your sad hides." The article as published is attached as Exhibit 5. The article links to the previously published April 12 article appearing in Exhibit 3.

27. Upon information and belief, Defendant posted the article on the publicly-accessible IKN blog, as well as circulated it directly to subscribers of an e-mail digest.

28. On or about April 16, 2016, Defendant caused to be published on IKN, as well as circulated directly to subscribers of an e-mail digest, an article that listed the posting appearing at Exhibit 3 as the second most visited that week and provided a link to the original post. The April 16 article as published is attached as Exhibit 6.

## COUNT I
### (Defamation)

29. Plaintiff repeats and re-alleges Paragraphs 1 through 28, as if fully set forth herein.

30. Upon information and belief, Defendant used the publicly-accessible IKN blog to publish six articles about Plaintiff.

31. Third parties, including investors who are also customers of Plaintiff, read the articles on the publicly-accessible IKN blog and/or received copies of the articles after Defendant personally posted and circulated them by electronic mail.

32. The articles make false statements that Plaintiff is engaging in illegal activities.

33. The statements are defamatory, tending to injure and injuring Plaintiff in his actual and prospective business relations by impugning his professional reputation, to the point of inviting regulatory authorities to investigate him and his activities.

-7-

34. In publishing the articles, Defendant acted intentionally, with malice, and/or with reckless disregard for the truth.

35. As a result of the false and defamatory statements published by Defendant, the character and reputation of Plaintiff has been harmed, and his good will, standing and reputation in the investment industry and in the community at large have been impaired.

36. As a result of the false and defamatory statements published by Defendant that accuse Plaintiff of a crime, Plaintiff has been damaged *per se*.

37. As a result of the false and defamatory statements published by Defendant, Plaintiff is in receipt of customer inquiries questioning the postings. Additionally, subscription activity of Stansberry's Gold Investor publication has decreased since its recent launch.

WHEREFORE, Plaintiff Porter Stansberry demands a permanent injunction prohibiting Defendant John Doe from further defaming or disparaging Plaintiff and judgment in his favor and against Defendant in an amount to be determined at trial in compensatory and punitive damages, plus interest as provided by law, and for Plaintiff's costs, attorneys' fees, and such other and further relief as this Court deems appropriate.

Dated: April 21, 2016

Respectfully Submitted,

/s/

Sherry H. Flax
Robin D. Leone
Saul Ewing LLP
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8784 (Telephone)
(410) 332-8785 (Facsimile)
sflax@saul.com
rleone@saul.com

-7-

1324562.1 04/21/2016